UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY NGO,<br><br>    Plaintiff,<br><br>  v.<br><br>DAN GOSS,<br><br>    Defendant. | No. 1:24-cv-01300-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

  Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's complaint, filed October 24, 2024.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names lieutenant Dan Goss at Corcoran State Prison as the sole Defendant in this action.

Defendant Dan Goss is the supervisor who participated in directing the violation against Plaintiff which was found to be true by way of administrative grievance.

Defendant Dan Goss maliciously and without reasonable cause, acted with intent to make sexual contact with Plaintiff's person. Plaintiff found the sexual contact made with his person by numerous officers to be harmful and sexually offensive to his person and dignity. At no time did Plaintiff consent to any of the acts of officers which resulted in Plaintiff being forced to

vulnerably expose and display his nude body numerous times to officers. Defendant Dan Goss, as the supervisor participated in directing the violations against Plaintiff which was found to be true by the Office of Appeals Division.

## III.

## DISCUSSION

### A.    Supervisory Liability

A supervisory official is liable under section 1983 if (1) the official is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Keates v. Koile, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). "The requisite causal connection can be established … by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr, 652 F.3d at 1207–08 (internal quotation marks and citations omitted) (alterations in original). Thus, a supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (quoting Starr, 652 F.3d at 1208).

"Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No. 15-cv-00243, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and Starr, 652 F.3d at 1207). In other words, to state a claim against any individual defendant based on supervisory liability, Plaintiff "must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it." Richard v. Holtrop, No. 15-cv-5632, 2016 WL 11520620, at *5 (C.D. Cal. May 12, 2016) (emphasis in original) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)) ("A plaintiff must allege facts, not simply conclusions, that show that an individual

1  was personally involved in the deprivation of his civil rights."). Supervisory liability is not an

2  independent cause of action under § 1983, and to state a claim against supervisory personnel

3  Plaintiff must allege both an underlying constitutional violation and a sufficient causal connection

4  between the supervisor's actions and the violation. Starr, 652 F.3d at 1207.

5  Here, it is clear that Plaintiff seeks to hold lieutenant Dan Goss vicariously liable under a

6  theory of respondeat superior liability. However, the law does not allow for such a claim.

7  Indeed, Plaintiff fails to set forth any factual allegations to state a cognizable underlying claim for

8  sexual assault under the Eighth Amendment.[1] Id. To the extent Plaintiff may contend that

9  lieutenant Dan Goss became aware after the fact of the alleged sexual assault(s) through the

10 inmate grievance procedure, such claim is insufficient to demonstrate supervisory liability. See

11 Iqbal, 556 U.S. at 676–77 (rejecting argument that "a supervisor's mere knowledge of his

12 subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution").

13 Thus, Plaintiff has failed to state a plausible claim for relief against lieutenant Dan Goss.

## IV.

## CONCLUSION AND ORDER

16 For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be

17 granted leave to file an amended complaint to cure the deficiencies identified in this order, if he

18 believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

19 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

21 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

---

[1] The Eighth Amendment prohibits the sexual harassment or abuse of an inmate by a corrections officer. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). When the prisoner can establish that a sexual assault was committed by a prison guard, courts "presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild, 947 F.3d at 1144. The objective component of the Eighth Amendment is met when "the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the [search] procedure." Bearchild, 947 F.3d at 1145 (recognizing that an Eighth Amendment sexual assault claim includes both a subjective and objective component).

right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **November 5, 2024**

UNITED STATES MAGISTRATE JUDGE