UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY NGO,<br><br>              Plaintiff,<br><br>   v.<br><br>DAN GOSS,<br><br>              Defendant. | No. 1:24-cv-01300-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 12) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed January 2, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On February 22, 2024, Plaintiff was wrongly and unlawfully detained without probable cause regarding an erroneous and false complaint of plants appears on the appearing on 4B yard and smuggling plants for sale. Defendants maliciously and corruptly provided the arrest without probable cause or other justification as determined by a preponderance of the evidence. Defendants Dan Goss and B. Butler who applied the arrest deliberately or recklessly made false statements or omissions in the prosecution of the proceedings.

1    On April 23, 2024, Plaintiff was wrongfully detained without probable cause for any offense. Plaintiff was reporting to his job assignment when officer Flores, without probable cause, unreasonably searched Plaintiff's private parts. Plaintiff was subjected to a half nude search on the recreation yard, degrading Plaintiff during recreation time in front of staff and inmates (work change is the proper location where all inmates are stripped search through metal detector to be processed for work each day). The search was negative for any contraband.

Approximately five minutes later, officers Flores, Y. Lopez, and Renteria returned. Officer Y. Lopez unlawfully placed restraints on Plaintiff and declared it was a "random arrest." Officers Y. Lopez and Renteria did not have cause to arrest Plaintiff. After Plaintiff was transferred to a holding cell, officer Cooper forced Plaintiff to strip fully nude "spread his private parts, bend over and spread his anal." The search was negative for contraband.

After two hours in a small dirty holding cell, sergeant Razo and officer Diaz unlawfully detained Plaintiff and placed him into another dirty holding cell. Both Razo and Diaz at the time of arrest had unreasonable cause to believe the arrest was lawful. Both Razo and Diaz, without probable cause or justification, forced Plaintiff to pull out his penis and urinate for them.

Lieutenant Dan Goss participated in directing the above violations against Plaintiff.

The Office of Appeals granted Plaintiff's complaints finding that all policies were not being followed.

### III.

### DISCUSSION

**A.    Fourth Amendment**

The Ninth Circuit has held that prisoners retain rights to bodily privacy under the Fourth Amendment. Bull v. City & County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010).

"Whether a search is reasonable under the Fourth Amendment requires a case-by-case balancing of the need for the particular search against the invasion of personal rights that the search entails ... The required factors for courts to consider include: (1) the scope of the particular intrusion, (2) the manner in which it is conducted, (3) the justification for initiating it, and (4) the place in which it is conducted." Byrd v. Maricopa County Sheriff's Dept., 629 F.3d 1135, 1141

(9th Cir. 2011) (citation omitted).

The United States Supreme Court and the Ninth Circuit have held that routine visual strip searches do not unreasonably infringe on prisoners' constitutional rights. Florence v. Board. of Chosen Freeholders, 566 U.S. 318, 328 (2012) (upheld, under the Fourth Amendment, a blanket strip search and visual body cavity search for detainees entering detention facilities to detect and deter contraband); Bell v. Wolfish, 441 U.S. 520, 558-60 (1979) (found visual body cavity searches conducted after contact visits used to prevent prisoners' possession of weapons and contraband, even absent probable cause, reasonable under the Fourth Amendment); Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988) (held that routine visual body cavity searches conducted in hallways did not violate the Fourth Amendment after situations where inmates had been presented with the opportunity to obtain contraband or a weapon); Rickman v. Avaniti, 854 F.2d 327 (9th Cir. 1988) (upheld prison policy requiring visual strip and body cavity searches every time administrative segregation prisoners left their cells).

Here, Plaintiff claims that he was unlawfully "detained" "arrested" and subjected to an "unreasonable search" on April 23, 2024. The mere claim that Plaintiff was subjected to a half-nude search on the recreation yard in front of staff and inmates does not render the search unreasonable. The presence of other male inmates and staff during the visual strip-search does not alter the fact that courts find such visual strip-searches are reasonable and reasonably related to legitimate penological security interests. Michenfelder, 860 F.2d at 333-34; see also Thompson v. Souza, 111 F.3d 694, 701 (9th Cir. 1997) (rejecting claim that strip searches must be conducted out of view of other prisoners and reaffirming that court would not question prison officials' judgment that conditions might require searches outside cells in order to protect the safety of the officers conducting them). Although the manner in which a bodily search is conducted may become so unreasonable that it can violate the Fourth Amendment, Plaintiff's allegations do not plausibly suggest that the search on April 23, 2024, was "excessive, vindictive, harassing, or unrelated to any legitimate penological purpose." Michenfelder, 860 F.2d at 332-33; see also Hudson v. Palmer, 468 U.S. 517, 528 (1984) ("The uncertainty that attends random searches of cells renders these searches perhaps the most effective weapon of the prison administrator in the

1    constant fight against the proliferation of knives and guns, illicit drugs, and other contraband.");

2    cf. Cates v. Stroud, 976 F.3d 972, 979–80 (9th Cir. 2020) (upholding routine suspicion-less pat-

3    down searches and metal detector screenings as prerequisite for visitation privileges on Fourth

4    Amendment grounds given "weighty institutional safety concerns" and because "[s]uch searches

5    are 'relatively inoffensive' and 'less intrusive than alternative methods.' ") (citing McMorris v.

6    Alioto, 567 F.2d 897, 900- 01 (9th Cir. 1978)).  Indeed, the Ninth Circuit upheld such visual

7    strip-searches performed every time an inmate left or returned to his cell, and Plaintiff

8    acknowledges that he was out of his cell reporting to his job assignment. Michenfelder, 860 F.2d

9    at 333.  Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief.

10           **B.      False Arrest**

11          Although Plaintiff repeatedly asserts that he was subjected to false arrest, his real

12   challenge is to an alleged false complaint of smuggling plants for sale within the facility.

13   However, Plaintiff cannot base a claim for relief under section 1983 on the allegation that he was

14   erroneously and falsely accused of a disciplinary violation.  Although wrong, such conduct is not

15   unconstitutional and therefore cannot support a cognizable claim. See Hines v. Gomez, 108 F.3d

16   265, 268 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false

17   retaliatory accusations."); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989);

18   Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

19           **C.      Violation of Prison Policy**

20          To the extent Plaintiff is attempting to bring a federal claim based on the alleged violation

21   of prison policy, he may not do so because violations of prison rules and policies do not give rise

22   to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of

23   federally protected rights. "To the extent that the violation of a state law amounts to the

24   deprivation of a state-created interest that reaches beyond that guaranteed by the federal

25   Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391

26   (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996));

27   see also Davis v. Kissinger, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D.

28   Cal. Feb. 3, 2009).  Nor is there any liability under § 1983 for violating prison policy. Cousins v.

1 Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009). Thus, the violation of any prison regulation, rule
2 or policy does not amount to a cognizable claim under federal law, nor does it amount to any
3 independent cause of action under section 1983.

   **D.    Further Leave to Amend**

5 If the Court finds that a complaint or claim should be dismissed for failure to state a claim,
6 the Court has discretion to dismiss with or without leave to amend. Leave to amend should be
7 granted if it appears possible that the defects in the complaint could be corrected, especially if a
8 plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.
9 United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
10 amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
11 the deficiencies of the complaint could not be cured by amendment." (citation omitted).
12 However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,
13 the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.
14 In light of Plaintiff's failure to provide additional information about his claims despite
15 specific instructions from the Court, further leave to amend would be futile and the second
16 amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d
17 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would
18 be futile."). Here, Plaintiff's allegations fail to give rise to a constitutional violation, and Plaintiff
19 has previously been given leave to amend on two separate occasions. Accordingly, further leave
20 to amend the complaint should be denied.

**IV.**

**ORDER AND RECOMMENDATION**

23 Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly
24 assign a District Judge to this action.
25 Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without
26 further leave to amend, for failure to state a cognizable claim for relief.
27 This Findings and Recommendation will be submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 25, 2025**__

STANLEY A. BOONE
United States Magistrate Judge