**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MY NGO,<br><br>        Plaintiff,<br><br>    v.<br><br>DAN GOSS,<br><br>        Defendant. | Case No. 1:24-cv-1300 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 14) |

    My Ngo seeks to hold the defendant liable violation of his civil rights under the Fourth Amendment, false arrest, and violations of prison policy while Plaintiff was housed at Corcoran State Prison. (*See* Doc. 12.) The magistrate judge screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim. (Doc. 14 at 3-6.)

    First, the magistrate judge found Plaintiff failed to allege facts to support a conclusion that the search performed was unreasonable, but rather found the search identified was similar to those courts found "reasonably related to legitimate security interests." (Doc. 14 at 4-5, citing *e.g.*, *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988); *Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997).) Second, the magistrate judge found that although Plaintiff "assert[ed] that he was subjected to false arrest, his real challenge is to an alleged false complaint of smuggling plants for sale within the facility." (*Id.*) The magistrate judge determined the claim failed,

1

because "Plaintiff cannot base a claim for relief under section 1983 on the allegation that he was erroneously and falsely accused of a disciplinary violation." (*Id.* at 5, citing *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997).) Third, the magistrate judge found that Plaintiff was unable to state a claim under Section 1983 "based upon the alleged violation of prison policy," because "violations of prison rules and policies do not give rise to a cause of action." (*Id.*, citing *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).) Because the Court previously granted leave to amend and Plaintiff failed to cure the pleading deficiencies identified in the prior Screening Orders, the magistrate judge found further leave to amend was futile. (*Id.* at 6.) Therefore, the magistrate judge recommended the Court dismiss the SAC without leave to amend and dismiss the action for failure to state a cognizable claim. (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 15.) However, Plaintiff does not identify allegations in his SAC supporting a conclusion that he suffered a violation of his Fourth Amendment rights with the search performed. In addition, Plaintiff fails to acknowledge the determination that he is unable to proceed under Section 1983 with his claims challenging the false report of smuggling and violations of prison policy. Ultimately, the objections essentially restate the allegations carefully considered by the magistrate judge, and do not show legal error.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter—including Plaintiff's objections—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 25, 2025 (Doc. 14) are **ADOPTED** in full.
2. The second amended complaint is **DISMISSED** without leave to amend.
3. The action is **DISMISSED** for a failure to state a claim upon which relief can be granted.

///

///

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __August 4, 2025__                             _____
                                                                              UNITED STATES DISTRICT JUDGE

3